865 F.2d 1258
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Patricia McDANIEL, Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie Edward ALLSBROOK, Jr., Defendant-Appellee.
 No. 88-5603.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 28, 1988.
Decided: Dec. 6, 1988.
 
 James Richard Van Camp, Eddie Hubert Meacham (Van Camp, West, Webb & Hayes, PA), for appellant.
 John A. Dusenbury, Jr. (Smith, Patterson, Follin, Curtis, James & Harkavy), for appellees.
 Before SPROUSE, ERVIN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is a companion case to this Court's recent decision in In Re: Patricia McDaniel, No. 88-5559 (4th Cir. Oct. 5, 1988) (hereafter McDaniel I ). In McDaniel I we addressed the admissibility, in a rape prosecution, of evidence of Patricia McDaniel's prior sexual behavior with men other than Shelton McKenzie. This case concerns the admissibility of evidence of Patricia McDaniel's prior sexual behavior with men other than Willie Allsbrook, Shelton McKenzie's co-defendant.[1]
 
 
 2
 * Like McKenzie, Allsbrook seeks to use evidence of McDaniel's prior sexual behavior with men other than himself to show that he reasonably (but mistakenly) believed that McDaniel consented to having sex with him. To this end, Allsbrook filed a "Motion to Determine Relevance of Victim's Past [Sexual] Behavior." With this motion, Allsbrook made the following offer of proof:
 
 
 3
 1. That Eric Johnson will testify that prior to May 20, 1987,[2] he informed [Allsbrook's] co-defendant Shelton McKenzie that he had had sexual intercourse with the alleged victim. Further, Johnson is expected to testify that the victim consented to said acts of intercourse and that such acts occurred in conjunction with the alleged victim's use of marijuana.
 
 
 4
 2. That prior to [Allsbrook's] encounter with the alleged victim, Shelton McKenzie informed him of her acts of promiscuous sexual intercourse in conjunction with the use of marijuana.
 
 
 5
 3. That prior to [Allsbrook's] encounter with the alleged victim on May 20, 1987, Shelton McKenzie told him that the alleged victim was known to frequent several local nightclubs in the company of different men both black and white.
 
 
 6
 4. That Christopher McKay will corroborate the existence and the substance of conversations between [Allsbrook] and Shelton McKenzie in which McKenzie informed [Allsbrook] of the alleged victim's prior sexual behavior.
 
 
 7
 5. That Christopher McKay will corroborate the existence and substance of conversations between [Allsbrook] and Shelton McKenzie concerning McKenzie's awareness of the alleged victim's habit of frequenting local nightclubs in the presence of several different men.
 
 
 8
 6. That Christopher McKay will testify that Ross Vickery made statements to him to the effect that the alleged victim was probably having consensual sexual intercourse with [Allsbrook] on May 20, 1987.
 
 
 9
 The district court conducted a hearing on the motion[3] and concluded that items 2, 3, 4, 5 and the first sentence of item 1 were admissible.[4] McDaniel appeals this order.
 
 II
 
 10
 McDaniel first presses two general arguments that suggest that none of the items are properly admissible. McDaniel argues that the items are inadmissible under authority of Fed.R.Evid. 412 and Doe v. United States, supra. These same arguments, regarding the same type evidence, were raised in McDaniel I. We rejected them then and adhere to those rulings in this case.
 
 
 11
 McDaniel argues alternatively against the admission of specific items. We take these up in turn:
 
 
 12
 Item 1--McDaniel argues that the proffered testimony of Eric Johnson is inadmissible because Johnson never talked to Allsbrook. We agree. In Doe we held that "testimony of the men with whom [the defendant] talked" is admissible to corroborate the existence of the conversations concerning the alleged victim's prior sexual behavior. 666 F.2d at 48. We allow this evidence because it is probative of the concern identified in Doe--it establishes that the defendant was aware of the alleged victim's prior sexual behavior which, in turn, tends to prove the defendant's state of mind at the time of the alleged crime. We reject Allsbrook's argument that the evidence is admissible because Johnson's testimony would corroborate the substance of the statements that McKenzie made to Allsbrook. We consider the evidence probative only of the fact that Johnson and McKenzie had a conversation about McDaniel and wholly irrelevant to the only legitimate concern we found in Doe--whether Allsbrook actually had such a conversation with McKenzie. Thus, under Doe, item 1 is inadmissible.
 
 
 13
 Items 3 and 5--McDaniel argues that these items are inadmissible on a variety of grounds. We agree. In McDaniel I we held the identical evidence inadmissible because its probative value was outweighed by its prejudicial impact. McDaniel I, slip op. at 8. We adhere to that view in this case. Thus, items 3 and 5 are inadmissible.
 
 
 14
 Item 4--McDaniel argues that Doe precludes McKay's testimony because the offer of proof only shows that McKay listened to the conversation between McKenzie and Allsbrook and never establishes that McKay talked to Allsbrook. McDaniel bases her argument on the language in Doe which allows corroboration testimony from "the men with whom [the defendant] talked." Doe v. United States, 666 F.2d at 48. We reject McDaniel's narrow view of the reach of Doe. In Doe we permitted corroboration testimony because we recognized that such evidence is probative of the fact that the defendant was aware of the alleged victim's sexual behavior prior to the alleged rape. Id. We fail to see how McKay is any less competent to establish that fact than McKenzie. Thus, item 4 is admissible.[5]
 
 
 15
 In conclusion, we find that the district court incorrectly held that items 3, and 5, and the first sentence of item 1 were admissible. However, we approve of the district court's holding that items 2 and 4 are admissible.[6] Therefore, we affirm in part, reverse in part, and remand this cause for trial. We dispense with oral argument because of our recent, dispositive decisions in McDaniel I and Doe.
 
 
 16
 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 
 
 
 [1]
 Allsbrook and McKenzie are being tried separately for the same incident
 
 
 [2]
 The alleged rape at issue supposedly occurred on May 20, 1987
 
 
 [3]
 Like the proceedings in McDaniel I, McDaniel had counsel appointed by the court to represent her interests. This is consistent with policy we announced in Doe
 
 
 [4]
 Defense counsel withdrew item 6 at the motion hearing
 
 
 [5]
 We note that the district court made a proper distinction by requiring that McKay be present at the conversations between McKenzie and Allsbrook
 
 
 [6]
 Other than her general arguments, McDaniel did not specifically contest the admission of item 2